Benjamin Gassman, J.
This is a motion in the nature of a writ of error coram nobis wherein the defendant seeks to set aside a judgment of conviction rendered on May 12, 1938, on which date the defendant was sentenced to State prison, as a second offender, for a term of not less than 15 years nor more 'than 30 years after a conviction of the crime of robbery in the second degree.
In Ms petition the defendant alleges that he was insane at the time he committed the crime and that he was also insane *929 at the time when he was tried, convicted and sentenced. He states in his petition “that the District Attorney interposed a private psychiatrist to testify on behalf of the People although the court-assigned counsel did not raise the question as to whether the defendant was entitled to a private psychiatrist in his behalf.” As will appear further in this opinion, the “private psychiatrist” referred to by the defendant in his motion papers was Dr. Perry Lichtenstein, who was at that time attached to the District Attorney’s office. He charges that the conviction against him is a nullity because “ a trial was forced upon defendant without giving adequate opportunity to avail himself ” (apparently of an opportunity to defend himself).
This is not the first application made by the defendant for a writ of error coram nobis. However, in view of the fact that the decisions on the prior motions did not set forth in detail the facts which preceded the conviction of the defendant, the court deems it advisable to state the following:
The defendant was indicted on December 2, 1937 on a charge of robbery in the first degree; assault in the first degree; petit larceny and buying, receiving, concealing and withholding criminally stolen property. On January 6, 1938 he pleaded not guilty on the ground of insanity. On January 10, 1938 a commission in lunacy was appointed by Judge James Garrett Wallace. Thereafter, on March 23, 1938, the defendant was committed to Bellevue Hospital ‘ ‘ for a 10-day examination and return to City Prison with report to Judge Wallace.” The file indicates that the said commitment was made at the request of the Bellevue Hospital authorities. On April 20, 1938 the lunacy commission appointed by Judge Wallace reported that the defendant was then sane and that he was sane at the time of the commission of the crime. The said report was approved by Judge Wallace.
Thereafter, and on April 29, 1938, the defendant was tried before Judge Morris Koenig and a jury. He was represented by counsel at the time. In the course of the trial testimony was given by the victim of the robbery and also by one William Sparrow, an eyewitness to the robbery. In addition, Detective Barts testified that he apprehended the defendant, that he later questioned him at the police station and that the defendant admitted that he committed the robbery. The defendant took the witness stand and testified that he did not remember anything about the crime charged against him; that he did not remember making any admissions to Detective Barts and that he did not remember being examined by any lunacy commission. Dr. Perry Lichtenstein, called by the People, testified that he *930 attended the hearings held by the lunacy commission and that he also questioned and examined the defendant on at least five different occasions. He stated that in his opinion the defendant “ was absolutely simulating forgetfulness.”
The jury found the defendant guilty of robbery in the second degree and sentence was set for May 12, 1938. On that day the District Attorney filed an information charging the defendant with a prior conviction of robbery in the second degree on December 18, 1933. The defendant was arraigned before Judge Koenig and admitted the prior conviction. Dr. Walter Bromberg of the Psychiatric Clinic was present in court at the arraignment of the defendant on the said information as well as the arraignment of the defendant for sentence, and he stated to the court that 1 ‘ this defendant shows no evidence of mental disease at the present time. He is able to confer with counsel. He shows no intellectual or mental defects of any kind ’ ’. Judge Koenig then sentenced the defendant to State prison for a term of 15 to 30 years.
On November 15, 1949 the defendant in person moved for an order directing the Superintendent of Bellevue Hospital to furnish him with ‘ ‘ a statement in writing of all data pertaining to the diagnosis of petitioner’s case.” On November 15, 1949 Judge Jacob Gould Schubman denied that motion, stating that “ the issue of defendant’s sanity at that time (referring to the time the defendant was under observation in Bellevue Hospital) has already been decisively determined. It cannot be litigated anew.”
On December 29, 1950 the defendant, again appearing in person, moved for a writ of error coram nobis in which he alleged the same grounds, in substance, as are set forth in his present petition. On June 26,1951 Judge Schubman denied that motion and again stated “ the question of the defendant’s insanity was litigated at the trial. If the judgment in this regard was contrary to law, the error could have been remedied on appeal and the writ of error coram nobis is, therefore, unavailable.” The defendant served a notice of appeal from the last-mentioned order. However, on March 3,1953 the said appeal was dismissed by the Appellate Division.
On July 7, 1960 the defendant moved for an order setting aside the judgment of his conviction. That motion was denied by Judge Abraham N. Geller on September 13, 1960. On September 21,1960 the defendant served a notice of appeal from Judge Geller’s order. On January 12, 1961 the defendant applied to the Appellate Division for leave to prosecute the said appeal as a poor person. That motion was granted on *931 January 12, 1961 by an order of the Appellate Division which permitted the appeal to be heard on the original record, on condition that the appeal be perfected and noticed for argument for a term on or before the April 1961 Term of the Appellate Division. The said order assigned Anthony F. Marra, Esq., to prosecute the said appeal. So far as the records on file are concerned they do not indicate any disposition of the said appeal.
This brings us to the present motion in which, as was already pointed out, the defendant raises the same grounds which have previously been adjudicated. No new facts of any kind are presented. While the defendant makes no mention of the prior motions made by him, as has been shown, the relief applied for herein has previously been applied for by the defendant and was denied. Where a second application is made and upon such application no new or original facts are adduced with the result that the later application is in all material respects the same as the prior application, there is no reason why a hearing should be held and the motion must be denied (People v. Sullivan, 4 N Y 2d 472; People v. Merritte, 11 A D 2d 628; People v. Hobbs, 14 A D 2d 926). Accordingly, this motion is in all respects denied.